UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSIE JALOVE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16-cv-8217 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| HPC ACQUISITIONS, LLC and | ) | |
| HUDSON LOCK, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Rosie Jalove, by and through her attorneys, complain of Defendants HPC Acquisitions, LLC and Hudson Lock, LLC, as follows:

## JURISDICTION

1. Federal question jurisdiction is based upon 28 U.S.C. §1331, and 28 U.S.C. §1343(a); supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

2. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against Defendants.

3. The EEOC issued Plaintiff a Notice of Right to Sue and the IDHR has issued a closure order.

## VENUE

4. This action properly lies in this district pursuant to 28 U.S.C. §1391 because Defendant resides in this judicial district.

**PARTIES**

5. Plaintiff, ROSIE JALOVE (hereinafter "Plaintiff"), is a citizen of the State of Illinois formerly employed by Defendants.

6. Defendant HUDSON LOCK, LLC is a Delaware limited liability company authorized to do business in Illinois.

7. Defendant HPC ACQUISITIONS, LLC is a Delaware limited liability company authorized to do business in Illinois and a wholly owned subsidiary of Defendant Hudson Lock, LLC.

8. At all times relevant hereto, Defendants employed more than twenty (20) employees, were engaged in industries affecting commerce, and were covered employers under the Americans with Disabilities Act.

**FACTS**

9. Plaintiff began her employment with HPC, Inc. in June 1999 as a Customer Service Manager.

10. Over her lengthy career, Plaintiff performed her duties in an excellent manner, consistently receiving praise regarding her performance.

11. Due to her excellent work performance, Plaintiff received numerous promotions throughout her tenure; was granted the authority to oversee more and more departments, including directly managing the customer service department, IT department, maintenance department, shipping & receiving department, Human Resources, and accounting department; and became the Operations Manager overseeing all staff.

12. In July 2014, Defendants acquired HPC, Inc.

13. Because of the change in ownership, approximately 15 employees were terminated from employment in July 2014.

14. However, because of her flawless employment record and her former boss's high praise, Defendants chose to retain Plaintiff as the Operations Manager.

15. In fact, Plaintiff was offered, and accepted, a continued position which would require her to relocate to Hudson, Massachusetts in approximately one year to 18 months.

16. Thereafter, Plaintiff continued to perform her job duties in an excellent manner, receiving frequent accolades from her new boss.

17. Notwithstanding her excellent work performance, Plaintiff was discriminated on the basis of her physical disability and/or perceived physical disability.

18. In September 2012, Plaintiff was in a serious motor vehicle accident which resulted in a permanent back injury diagnosed as a disk degeneration with annular bulging, a posterior annular tear or fissure, amongst other things. When symptomatic, Plaintiff's physical condition limits her ability to walk, stand, lift, bend, perform certain manual tasks, and sleep.

19. Despite her physical condition, Plaintiff was able to perform the essential functions and responsibilities of her job without any issue.

20. In September 2014, however, Robert Sylvia, President, first became aware of Plaintiff's disabling injury after he saw her walking slowly and limping.

21. Thereafter, every time that Mr. Sylvia met with Plaintiff he asked her about her condition and made it clear that he felt she was a damaged employee despite the fact that she was able to successfully complete the essential functions of her job at the highest level of performance.

22. Mr. Sylvia then effectively demoted Plaintiff, changing her job title from Operations Manager to Personal Assistant and forcing her to complete tasks well below her expertise.

23. Additionally, in November 2014, Mr. Sylvia began to exclude Plaintiff from meetings and increasingly took away her job responsibilities despite the fact that business was thriving and all other employees, including managers, had more than enough work, even causing frequent overtime hours.

24. In January 2015, Mr. Sylvia's discrimination against Plaintiff culminated in him terminating her from employment.

25. Manifestly, when Mr. Sylvia earlier that day set up the termination meeting, he again – as had unfortunately become routine – asked Plaintiff about her condition, plainly demonstrating his discriminatory animus.

26. At the meeting, Plaintiff was told she was being terminated due to lack of work and this was the reason stated in Plaintiff's termination letter.

27. However, this asserted reason is plainly pretextual where work was far from lacking and all other employees, including managers, continued to have incredibly heavy workloads.

28. Later, Defendants changed their reason for termination, instead claiming that Plaintiff was terminated because of her work performance.

29. The newly stated reason is also plainly pretextual where Defendants never asserted this at the time of Plaintiff's termination and where Plaintiff's performance was exceptional as demonstrated over her 15 years of employment.

30. Defendants' actions are in direct violation of federal and state law. As a result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and other benefits, loss of

professional opportunities, emotional distress, severe embarrassment, pain, suffering, humiliation, fear, anxiety, damage and risk of damage to her career and reputation, damage to her standing in the community, loss of enjoyment of life, inconvenience and other non-pecuniary losses.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILTIES ACT

56. Plaintiff re-alleges paragraphs 1 through 55 and incorporates them as if fully set forth herein.

57. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., makes it unlawful to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

58. By their conduct as alleged herein, Defendants discriminated against Plaintiff, in that Defendants demoted Plaintiff, excluded her from meetings, and terminated her employment because of her disability, because Defendants were aware of Plaintiff's record of having a disability, and/or because Defendants further regarded Plaintiff as being disabled.

59. Defendants' conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

60. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendants on Count I as follows:

   a) Declare Defendants' conduct was in violation of the Americans with Disabilities Act, as amended;

   b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

   c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which she will lose in the future, as a result of Defendants' unlawful conduct;

e) Award Plaintiff damages for emotional distress and compensatory damages;

f) Award Plaintiff punitive damages;

g) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

h) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with it from engaging in any unlawful employment practice;

i) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

j) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## DISCRIMINATION IN VIOLATION OF
## THE ILLINOIS HUMAN RIGHTS ACT

31. Plaintiff re-alleges paragraphs 1 through 55 and incorporates them as if fully set forth herein.

32. The Illinois Human Rights Act ("IHRA") makes it unlawful for an employer to discriminate against any individual in the terms, conditions or privileges of employment on the basis of disability, a history of disability, or a perceived disability.

61. By their conduct as alleged herein, Defendants discriminated against Plaintiff, in that Defendants demoted Plaintiff, excluded her from meetings, and terminated her employment because of her disability, because Defendants were aware of Plaintiff's record of having a disability, and/or because Defendants further regarded Plaintiff as being disabled.

62. Defendants' conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

63. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendants on Count II as follows:

a) Declare Defendants' conduct was in violation of the Illinois Human Rights Act;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which she will lose in the future, as a result of Defendants' unlawful conduct;

e) Award Plaintiff damages for emotional distress and compensatory damages;

f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

g) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with it from engaging in any unlawful employment practice;

h) Enjoin Defendants and all officers, agents, employees, and all persons in active concert or participation with it to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted,

By: /s/ Lindsey E. Goldberg
Attorney for the Plaintiff

M. Megan O'Malley
Lindsey E. Goldberg
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois 60605
(312) 697-1382